*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1239**

State of Minnesota,
Respondent,

vs.

Cynthia Ann Maxwell,
Appellant.

**Filed June 8, 2015
Affirmed
Ross, Judge**

Hennepin County District Court
File No. 27-CR-11-39117

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle R. Winn, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Cleary, Chief Judge; and Ross, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Cynthia Maxwell's boyfriend suffered second- and third-degree burns because she threw hot chicken grease in his face. During Maxwell's first-degree assault trial, the

district court excluded her acquaintances from the courtroom after they repeatedly asserted weakness in the state's case in front of jurors during breaks. On appeal after her conviction, Maxwell maintains that the district court violated her constitutional right to a public trial. Because Maxwell's right to a public trial does not diminish the district court's authority to jettison apparent jury manipulators, we affirm the conviction.

## FACTS

Minneapolis police responded to an emergency call in December 2011 that someone had just thrown hot grease in a man's face. Officers approached the home and encountered Jeffrey Given, who was in excruciating pain and whose skin was red and blistering. An ambulance took Given to the hospital, where he was diagnosed with third-degree burns on his face and chest and second-degree burns on his eyes. He told the officers that Cynthia Maxwell, his girlfriend of 12 years, threw hot grease in his face. A witness told the officers that she too saw Maxwell douse Given's face with chicken grease that had been heating on the stove.

The state charged Maxwell with first-degree assault. On the third day of Maxwell's March 2014 trial, the district court judge made a record of evicting Maxwell's friends and family from the courtroom:

> During the break the deputy brought to my attention that defendant's friends or family were talking out in the hallway in the presence of jurors about the case and about the lack of evidence, et cetera. They had been warned already once in the courtroom or at least once by the same deputy and were told they would be kicked out if they continued. The deputy brought that to my attention.

2

> So number 1, we've kicked them out of the building. But number 2, I'm going to instruct the jury just to disregard anything they might have said. Nobody knows what they said. But obviously it's not evidence. Anybody want to say anything else?

Maxwell's attorney did not object to the removal. When the jury returned, the judge advised jurors to disregard anything they heard the commenters say about the case:

> It was brought to my attention by the deputy that some people who were in this courtroom might have been talking out in the hallway and might have said things that maybe you -- some of you maybe overheard. Just want to remind you that nothing anybody says that's not on the witness stand is evidence and should not be considered by you for any purpose. So I don't know what was said, if you heard it or not, but to the extent you heard anything, just disregard it completely.

The jury found Maxwell guilty. The district court sentenced her to 134 months in prison.

Maxwell appeals.

## DECISION

Maxwell argues that the district court violated her constitutional right to a public trial by excluding her friends and family from the courtroom. The argument has no merit. A criminal defendant's right to a public trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 6 of the Minnesota Constitution. "The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned." *Waller v. Georgia*, 467 U.S. 39, 46, 104 S. Ct. 2210, 2215 (1984) (quotation omitted). Whether the district court violated Maxwell's right to a public trial raises a constitutional question, which this court reviews de novo. *State v. Brown*, 815 N.W.2d 609, 616 (Minn. 2012).

3

Not every courtroom exclusion implicates the accused's right to a public trial. *Id.* We know, for example, that a district court judge's courtroom exclusion does *not* implicate the defendant's right to a public trial when the judge did not clear the courtroom of all spectators, the trial remained generally open to the public and press, members of the public were present during every period of the trial, and the judge excluded no one improperly. *See id.* at 617–18; *see also State v. Silvernail*, 831 N.W.2d 594, 601 (Minn. 2013). This standard informs us that the district court did not interfere with Maxwell's right to a public trial. The district court did not clear the entire courtroom, the trial remained generally open, and the record suggests that some member of the public attended each trial segment (and Maxwell does not claim otherwise). These circumstances are not disputed. Our only question—and it is not a difficult one—is whether the exclusions were proper.

We hold that the district court did not improperly exclude Maxwell's family and friends from the courtroom. It is well established that "a trial court may, in the appropriate exercise of its discretion, exclude spectators when necessary to preserve order in the courtroom." *State v. Ware*, 498 N.W.2d 454, 458 (Minn. 1993). The district court excluded Maxwell's companions only after they engaged in improper communication around jurors, they were warned that they would be excluded if they continued that conduct, and they continued that conduct. The defendant is not the only party in a criminal trial, and the state, representing the people, has a right to an unmanipulated jury. Because the exclusion was proper, it suggests neither an abuse of the district court's discretion nor a violation of Maxwell's right to a public trial.

Maxwell provided us with a supplemental, pro se brief that states concerns about her decision to proceed to trial rather than plead guilty and about her sentence. Because she does not support these concerns with any arguments or legal authority, we will not address them substantively. *See State v. Bartylla*, 755 N.W.2d 8, 22 (Minn. 2008) ("We will not consider pro se claims on appeal that are unsupported by either arguments or citations to legal authority.").

**Affirmed.**